UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

DONALD M. DOVE (DIN 10-B-0378),

                                Plaintiff,

-vs-                                      DECISION AND ORDER

JOSEPH H. NOETH *Attica Superintendent*,            18-CV-6515 CJS
DEPUTY SUPERINTENDENT PROGRAMS, INMATE
ACCOUNTS,

                                Defendants.

**Siragusa, J.** Plaintiff Donald M. Dove ("Plaintiff") filed a lawsuit against the named defendants in New York State Supreme Court, Wyoming County, on May 29, 2018. In the complaint, he alleges that Defendants have wrongly taken money (Plaintiff used the term "pilfered") from his inmate account at Attica Correctional Facility contrary to his Fifth and Fourteenth Amendment rights under the Constitution. On July 10, 2018, Defendants removed the action to this Court. After reviewing the complaint to determine whether removal was proper, the Court finds it was not and remands the action to the New York court.

Defendants' notice of removal claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The removal statue provides in relevant part that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Plaintiff's claim is essentially one for conversion. Plaintiff alleges that he has been deprived of his property in violation of his Fourteenth Amendment right to due process and equal protection of the laws. It has long been held that:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). New York provides such a post-deprivation remedy. N.Y. Ct. Cl. Act § 9 (McKinney 2018). Assuming what Plaintiff has alleged is true, that Defendants arbitrarily and intentionally deprived Plaintiff of his property contrary to the state's rules on collecting payments from an inmate's account, the deprivation was not without due process of law because New York provides an adequate post-deprivation remedy. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). Plaintiff thus has an adequate remedy under state law and the claims regarding the conversion of Plaintiff's property. Because there is no federal question, and the parties are not diverse, the Court has no subject matter jurisdiction to hear this case. Accordingly, the case is remanded to the New York State Supreme Court, Wyoming County, pursuant to 28 U.S.C. § 1447(c). The Clerk will close the case and send a copy of this Order to the state court.

IT IS SO ORDERED.

Dated: November 19, 2018
       Rochester, New York

            ENTER:

                              CHARLES J. SIRAGUSA
                              United States District Judge